### CHESTER v. TOKLAS and Others.

No. 8218; February 23, 1885.

6 Pac. 85.

**Assignment.—Upon the Assignment of a Secured Debt,** the creditor may also assign his security.

APPEAL from the Superior Court of the City and County of San Francisco.

Stetson & Houghton for appellants; Jos. Napthaly for respondents.

ROSS, J.—The plaintiff is the assignee of George W. Chester, of whatever right of action or claim he had against the defendants by reason of the transfer by defendants to one Xarissa Hill of the note and mortgage next hereinafter alluded to. The findings show that on or about the sixth day of December, 1875, one H. W. Woodward executed to George W. Chester, or order, his promissory note for three thousand three hundred and thirty-three dollars and thirty-three cents, payable one year after date, with interest thereon at the rate of one per cent per month, to secure which he at the same time executed to Chester a mortgage; that, on the 18th of December of the same year, George W. Chester executed to the defendants five promissory notes, made payable to defendants or order, for the aggregate sum of two thousand three hundred and forty-one dollars and thirty cents, bearing interest at the rate of one per cent per month, and to secure their payment assigned to defendants the Woodward note and mortgage. Subsequently, and on the 12th of June, 1876, the defendants, in consideration of the face value of the five Chester notes, which was paid to them by one Xarissa Hill, assigned the five notes to her, together with the security therefor which they held, to wit, the Woodward note and mortgage; and according to the findings in this case, Xarissa Hill still holds the five notes executed by George W. Chester, together with the Woodward note and mortgage, as security for their payment.

In this state of facts, it is obvious that no wrong has been done to George W. Chester or his assignee, the plaintiff. The notes were negotiable and the security assignable. There is neither an admission in the answer nor an averment in the complaint that the assignment by defendants to Mrs. Hill of the Woodward note and mortgage was an absolute sale. The effect of the pleading is that the assignment was what the court below found it to be in fact, namely, an assignment of the security along with the debt for which it stood as security.

Judgment affirmed.

We concur: McKinstry, J.; McKee, J.